■ In the Matter of the Claim of HERMAN EIXMAN, Respondent, against ROTHMAN'S EAST NORWICH INN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, the sole issue arising upon appellant's contention that claimant's accidental injuries did not arise out of and in the course of his employment. Claimant resided and was employed in New York City. He also worked as a week-end waiter at the appellant employer's inn on Long Island where he was furnished his meals and sleeping quarters. After completing his work at about 10.00 P.M. on a Saturday evening he left the inn premises to take a walk. Returning, he found that the door which he customarily used was locked and thereupon walked around two sides of the building to reach the inn parking lot, intending to cross it to enter the kitchen door. As a fence barred access from the street to the parking lot, he entered an adjoining lot owned by the employer but leased by it for used car storage. The used car lot was three to four feet higher than the parking lot and there was no fence or other barrier between them. Claimant fell into the parking lot either from the retaining wall rising from the parking lot to support the higher lot or from a box on the parking lot as he stepped from the wall to the box. In either case, the accident occurred within the precincts of the employment and while claimant was gaining the ingress to the premises to which he was entitled. His resulting injury was therefore compensable. The award was proper, also, as within the purview of the authorities holding that the employment status continues during the normal activities of an employee required to travel or sojourn at a distance from his home. (See *Matter of Schreiber* v. *Revlon Prods.*, 5 A D 2d 207 and cases there cited.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.